UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AMADOR D. HINOJOSA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-477 |
| | § | |
| MIDLAND MORTGAGE CO., | § | |
| | § | |
| Defendant. | § | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Plaintiff, Amador D. Hinojosa (Hinojosa) originally filed this action in the 94th Judicial District Court of Nueces County, Texas, on October 29, 2014. D.E. 1-2, 1-3. In so doing, he sought and obtained injunctive relief to halt the foreclosure process initiated by Defendant MidFirst Bank (MidFirst) against his residence. D.E. 1-3. He further sought damages for its allegedly wrongful collection efforts regarding the home loan. According to his state court pleading, he alleged claims for violation of the Texas Deceptive Trade Practices Act, Texas Debt Collection Practice Act, Federal Debt Collection Practices Act, and the Texas Property Code. D.E. 1-3. MidFirst timely removed the case to this Court on December 1, 2014, pursuant to federal question and diversity jurisdiction. D.E. 1.

On June 26, 2015, MidFirst filed its "12(b)(6) Motion to Dismiss" (D.E. 11), now before the Court. MidFirst challenges each of Hinojosa's allegations as statements of claims upon which relief cannot be granted. Hinojosa has responded (D.E. 12) and

MidFirst filed a reply (D.E. 13). For the reasons set out below, the motion (D.E. 11) is GRANTED IN PART and DENIED IN PART.

## STANDARD OF REVIEW

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "Pleadings must be construed so as to do justice." Rule 8(e). The requirement that the pleader show that he is entitled to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Those factual allegations must then be taken as true, even if doubtful. *Id*. In other words, the pleader must make allegations that take the claim from conclusory to factual and beyond possible to plausible. *Id*., 550 U.S. at 557. The *Twombly* court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.

The Supreme Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In dismissing the claim in *Iqbal*, the Court stated, "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." 556 U.S. at 681.

## DISCUSSION

As a preliminary matter, the Court notes that Hinojosa has agreed to the dismissal of his claim under the Texas Deceptive Trade Practices Act (DTPA). Thus the motion to dismiss is GRANTED with respect to the DPTA claim.

At the heart of this case is Hinojosa's assertion that MidFirst did not credit against his note all payments that were made during the course of his Chapter 13 bankruptcy proceeding. The Court takes that allegation as true, as required by the standard of review. As a result, according to Hinojosa, when MidFirst sent him a notice of default and opportunity to cure, it was not accurate and demanded more than should have been necessary to cure any default. Hinojosa's request for additional information to evaluate MidFirst's demand was answered only with silence, followed by continued foreclosure efforts. As a result, Hinojosa alleges that the notice of default was deficient, no new notice of default was issued to cure the deficiencies, and thus any attempt to collect an amount exceeding the true amount due involves fees and charges that he does not owe.

While Hinojosa does not detail what payments were made and not credited to his account and thus does not detail what fees and charges he claims were excessive, he has alleged a fact scenario that is plausible under the standard of review. The Court acknowledges that greater specificity may not be possible if, as alleged, MidFirst has

ignored Hinojosa's requests and failed or refused to provide him with information about his account that would allow him to detail the claim. Thus the Court DENIES the motion to dismiss with respect to the remaining claims.

For these reasons, the motion (D.E. 11) is GRANTED IN PART with respect to the DTPA claim. The motion is DENIED IN PART with respect to the remaining claims.

ORDERED this 31st day of August, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE